NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIROSHI (GENLIN) HORIIKE; WORLD DOG ALLIANCE LTD., a Hong Kong limited liability company, | No. 17-55853 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-09386-JAK-KS |
| v. | MEMORANDUM* |
| HUMANE SOCIETY OF THE UNITED STATES; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 17, 2019**
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and BAYLSON,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Hiroshi Horiike and World Dog Alliance, Ltd. (collectively, "WDA") appeal from the district court's order granting summary judgment to The Humane Society of the United States and its then-President and Chief Executive Officer, Wayne Pacelle, (collectively, "HSUS"). This appeal arises from a contract dispute between the two parties. As the parties are familiar with the facts, we do not recount them here. We review the district court's grant of summary judgment de novo. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). We affirm.

1. WDA sued HSUS for breach of contract within three months of the contract's execution. The contract, however, provided a two-year term for the project and included no interim deadlines. As such, WDA sued before HSUS was required to perform. *See Taylor v. Johnston*, 539 P.2d 425, 430 (Cal. 1975) ("There can be no [a]ctual breach of a contract until the time specified therein for performance has arrived."). Moreover, even if the time for performance had arrived, HSUS would still be entitled to summary judgment. HSUS was performing its contractual obligations when sued and thus there was no "unjustified or unexcused failure to perform." *Sackett v. Spindler*, 56 Cal. Rptr. 435, 440 (Ct. App. 1967). Nor is there support for an anticipatory-breach claim because HSUS never made a "clear, positive, unequivocal refusal to perform" moving forward or acted in such a way to inhibit future performance. *Taylor*, 539

2

P.2d at 430.

2. WDA also alleges that HSUS breached the covenant of good faith and fair dealing, which is read into every contract in California. *See Egan v. Mut. of Omaha Ins. Co.*, 620 P.2d 141, 145 (Cal. 1979). Here, too, the district court properly granted summary judgment. Although the contract gave HSUS significant discretion in how to perform its obligations, there is no triable issue as to whether HSUS ever failed to "discharge [its] contractual responsibilities," let alone did so "by a conscious and deliberate act." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 399-400 (Ct. App. 1990).

3. Next, WDA claims that HSUS fraudulently induced it into the contract without ever intending to perform, and then misused WDA's funds. HSUS is entitled to summary judgment based on either theory of fraud. There is no genuine dispute whether HSUS had a fraudulent intent when executing the contract, *see Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 917 (Cal. 1997), or that it misused WDA's donation.

4. Lastly, HSUS is also entitled to summary judgment on WDA's state-law unfair competition claim. *See* Cal. Bus. & Prof. Code § 17200 (prohibiting "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising"). Assuming that the statute even applies here, there is no support for WDA's claim because HSUS's conduct was, for instance, neither

3

unlawful nor fraudulent.[1]

**AFFIRMED**.

---

[1] WDA never addresses the dismissal of its claim that HSUS violated California Business and Professions Code section 17500. We, therefore, deem any argument waived and affirm. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

As for WDA's accounting claim, we affirm because summary judgment has been granted on all potential substantive claims of liability. *See Glue-Fold, Inc. v. Slautterback Corp.*, 98 Cal. Rptr. 2d 661, 663 n.3 (Ct. App. 2000).